UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STRIKE 3 HOLDINGS, LLC,

Plaintiff,

v.

CASEY POLUK,

Defendant.

No. 2:20-cv-2146–TLN–CKD

ORDER AND

FINDINGS AND RECOMMENDATIONS

(ECF No. 25)

Plaintiff Strike 3 Holdings, LLC, moves the court for default judgment against defendant Casey Poluk, initially named as John Doe subscriber assigned IP address 99.185.0.214. By this motion, plaintiff seeks an award of statutory damages of $28,500.00, plus $863.96 in costs, and a permanent injunction. Defendant has neither appeared nor opposed the motion. This matter is appropriate for decision without oral argument, see Local Rule 230(g), and the undersigned recommends the court grant the motion.

## I. BACKGROUND

On October 24, 2020, plaintiff initiated this action with a complaint alleging defendant John Doe subscriber had used the BitTorrent file network to illegally download and distribute Strike 3's copyrighted motion pictures. (ECF No. 1.) Plaintiff filed a first amended complaint on February 23, 2021, alleging defendant infringed 38 of plaintiff's copyrighted works ("Works), all of which are registered with the United States Copyright Office. (ECF Nos. 12 & 12-1.)

BitTorrent is a system designed to quickly distribute large files over the Internet. (ECF No. 12 ¶ 17.) Instead of downloading a file, such as a movie, from a single source, BitTorrent users connect to the computers of other BitTorrent users and simultaneously download and upload pieces of the file from and to other users. (Id.)

Plaintiff has developed, owns, and operates an infringement detection system called VXN Scan. (ECF No. 12 ¶ 30.) Using VXN Scan, plaintiff established direct TCP/IP connections with defendant's IP address while defendant was using the BitTorrent file distribution network. (Id. ¶ 29.) The VXN scan downloaded from defendant one or more pieces of numerous digital media files and captured transactions from defendant sharing specific pieces of 38 digital media files determined to be portions of plaintiff's copyrighted Works. (Id. ¶¶ 35, 37.) Specifically, plaintiff compared the completed digital media files to its Works and determined the digital media files contained a digital copy of a motion picture identical, or, alternately, strikingly similar or substantially similar to plaintiff's corresponding original copyrighted motion pictures. In this manner, plaintiff identified the file pieces obtained from defendant as portions of infringing copies of plaintiff's Works. (Id. ¶¶ 34, 35.) At no time did plaintiff authorize, permit or consent to defendant's copying, distribution, performance and/or display of its Works. (Id. ¶ 43.)

Because the defendant-subscriber's identity was initially unknown, plaintiff requested and was granted authorization to serve a third-party subpoena on the Internet Service Provider ("ISP") of John Doe subscriber assigned IP address 99.185.0.214, after which the ISP disclosed the subscriber's identity. (ECF Nos. 8, 9, 10.) Plaintiff then continued its investigation and concluded that defendant, a third-party individual who resided in the home during the period of infringement, was the person who infringed plaintiff's Works via BitTorrent, rather than the subscriber. (ECF No. 10 ¶ 5.) Plaintiff based its conclusion upon additional evidence collected from logged BitTorrent network activity emanating from the IP address at issue and involving digital files other than plaintiff's Works which plaintiff alleges correspond to digital content matching the movie and television interests reflected in defendant's social media profile. (ECF No. 13 ¶¶ 47-52.)

////

The first amended complaint alleges the following violations by defendant: reproducing its motion pictures in copies, in violation of 17 U.S.C. §§ 106(1) and 501; distributing copies of its motion pictures to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501; performing the copyrighted motion pictures, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the motion pictures' images in any sequence and/or by making the sounds accompanying the motion pictures audible and transmitting said performance of the work, by means of a device or process, to members of the public capable of receiving the display; and, displaying the motion pictures, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images non-sequentially and transmitting said display by means of a device or process to members of the public capable of receiving the display, as set forth in 17 U.S.C. § 101's definition of "publicly" display. (ECF No. 12 ¶¶ 57-58.)

According to the return of service filed on March 2, 2021, defendant was personally served with a summons and the first amended complaint on February 28, 2021. (ECF Nos. 16, 17.) Defendant has failed to plead or defend against the first amended complaint. On June 25, 2021, at plaintiff's request pursuant to Fed. R. Civ. P. 55(a), the Clerk of Court entered a default as to defendant in his true name. (ECF Nos. 19, 21.) With no appearance or communication from defendant, plaintiff filed the present motion. (ECF No. 25.)

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought if that party fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). The decision to grant or deny an application for default judgment lies within the sound discretion of the district court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Once default is entered, as a general rule, well-pleaded factual allegations in the operative complaint are taken as true except for the allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). "[N]ecessary facts not contained in the pleadings, and claims

which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the court may require the moving party to produce evidence in support of the emotion for default judgment. See TeleVideo Sys., Inc., 826 F.2d at 917-18.

Default judgments are ordinarily disfavored. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). In making the determination whether to grant a motion for default judgment, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel,782 F.2d at 1471-72.

## III. DISCUSSION

### A. Eitel Factors

#### 1. Possibility of Prejudice to Plaintiff

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. Such potential prejudice weighs in favor of granting a default judgment. See PepsiCo, Inc., v. California Security Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, plaintiff filed suit on October 24, 2020. Defendant was personally served on February 28, 2021 and has failed to respond to plaintiff's complaint or otherwise put forth a defense in this action. Under these circumstances the present litigation cannot move forward, leaving plaintiff no recourse other than to seek a default judgment. Accordingly, the first factor weighs in favor of entering default judgment.

#### 2. Merits of the Substantive Claim and the Sufficiency of the Complaint

The court considers the merits of plaintiff's substantive claim and the sufficiency of the complaint together due to the relatedness of the inquiries. The court considers whether the allegations in the complaint are sufficient to state a claim on which plaintiff may recover. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978); PepsiCo, Inc., 238 F. Supp. 2d at 1175.

Plaintiff's allegations in the first amended complaint support its copyright infringement claim. "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991). "In addition, direct infringement requires the plaintiff to show causation (also referred to as 'volitional conduct') by the defendant." Perfect 10, Inc. v. Giganews, Inc., 847 F.3d 657, 666 (9th Cir. 2017) (citation omitted).

Here, plaintiff's first amended complaint alleges it has registered copyrights in the 38 motion pictures now at issue. (ECF No. 12-1.) Plaintiff additionally alleges it established through its investigation that defendant downloaded, copied and distributed the constituent elements of Strike 3's works using the BitTorrent protocol. (Id. ¶¶ 28, 37, 43.) These allegations are taken as true where defendant has failed to respond to them. See TeleVideo Systems, Inc., 826 F.2d at 917-18. Other district courts have accepted similar claims in default judgment actions, finding the plaintiff holder of a copyright with similar allegations had made its prima facie case for copyright infringement over the BitTorrent network. E.g., Cobbler Nevada, LLC v. Inglesias, No. 15-CV-05313-EDL, 2016 WL 8453643, at *2 (N.D. Cal. Dec. 16, 2016), report and recommendation adopted, No. 15-CV-5313 CRB, 2017 WL 878039 (N.D. Cal. Mar. 6, 2017). In addition, at the court's request, plaintiff has provided additional briefing and evidence concerning plaintiff's investigation and identification of defendant as the infringer. (ECF No. 28.) Having reviewed the first amended complaint and additional evidence, the undersigned is satisfied plaintiff's substantive claim has merit and the allegations are sufficient. These factors weigh in favor of entry of default judgment.

**3. The Sum of Money at Stake**

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). This factor requires the court to assess whether recovery sought is proportional to the harm caused by defendants' conduct. See Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1012

(C.D. Cal. 2014) ("Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct").

Courts have routinely held that minimum statutory damages are reasonable and appropriate in copyright infringement cases. UMG Recordings, Inc. v. Sanchez, No. C 06-03457JSW, 2007 WL 485955, at *2 (N.D. Cal. Feb. 12, 2007) ("Because plaintiffs seek only the minimum statutory damages available under the statute, the request is ascertainable and reasonable."); Criminal Prods., Inc. v. Gunderman, No. C-16-1177-RAJ, 2017 WL 3297518, at *4 (W.D. Wash. Aug. 1, 2017) ("[T]he statutory minimum of $750 is the appropriate award in this case[.]"); Priority Records LLC v. Rodriguez, No. CV F 06-0484-AWI-LJO, 2007 WL 120033, at *3 (E.D. Cal. Jan. 11, 2007) ("As plaintiffs seek minimum statutory damages [...], their statutory damages request is reasonable and proper."), report and recommendation adopted, 2007 WL 416093 (E.D. Cal. Feb. 5, 2007)

Here, plaintiff seeks the statutory minimum of $750 per infringed work. This factor weighs in favor of granting default judgment.

**4. The Possibility of a Dispute Concerning Material Facts**

There is no indication that there are material facts in dispute. Because court may assume the truth of well-pleaded facts in the complaint following the clerk's entry of default, there appears no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.

**5. Whether the Default Was Due to Excusable Neglect**

The record contains no indication that defendant's default was due to excusable neglect. Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present their objections before a final judgment is rendered. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). While there is always a possibility that a defendant might appear and claim excusable neglect, where the defendants "were properly

served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Here, the undersigned finds no indication in the record that defendant was served with the papers in support of the instant motion. However, the record indicates defendant was personally served with a summons and the first amended complaint and has failed to respond. This factor weights in favor of the entry of a default judgment.

**6. The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits**

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citation omitted); see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Rule 55 allows a court to decide a case before the merits are heard if defendant fails to appear and defend. See PepsiCo, Inc., 238 F. Supp. 2d at 1177.

Given defendant's failure to appear in this action, a decision on the merits is impracticable. Rule 55(b) allows the court to grant default judgment. Although the court is cognizant of the policy in favor of decisions on the merits, that policy does not, by itself, preclude the entry of default judgment.

**7. Recommendation**

Taken together, the Eitel factors weigh in favor of granting default judgment. Accordingly, the undersigned recommends the court grant the motion and enter default judgment against defendant.

**C. Relief Sought**

The plaintiff seeking default judgment must additionally establish the requested relief is appropriate. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Plaintiff seeks statutory damages in the amount of $28,500, a permanent injunction against defendant downloading or distributing plaintiff's copyrighted works without a license or express grant of

permission, and recovery of costs.

**1. Damages**

The Copyright Act provides "an infringer of copyright is liable for... statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a)(2). Subsection (c) states a plaintiff may recover "with respect to any one work, for which any one infringer is liable individually, [...] a sum of not less than $750 or more than $30,000," and, if "infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." Id. §§ 504(c)(1)-(2). "Statutory damages are particularly appropriate in a case... in which defendant has failed to mount any defense or to participate in discovery, thereby increasing the difficulty of ascertaining plaintiff's actual damages." Jackson v. Sturkie, 255 F.Supp.2d 1096, 1101 (N.D. Cal. 2003).

In this case, Strike 3 is requesting the minimum statutory amount permitted under the Copyright Act- $750.00 for each work infringed- for a total of $28,500.00. Thus, the amount sought is reasonable.

**2. Permanent Injunctive Relief**

The Copyright Act authorizes courts to issues permanent injunctions to "prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). A plaintiff seeking a permanent injunction must demonstrate: (1) an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) a remedy in equity is warranted, considering the balance of hardships between plaintiff and defendant; and (4) the public interest would not be disserved by a permanent injunction. eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006). "As in numerous other BitTorrent cases ... the four elements are established here." Dallas Buyers Club, LLC v. Bui, No. CV 14-1926-RAJ, 2016 WL 1242089, at *3 (W.D. Wash. Mar. 30, 2016) (citation omitted).

First, plaintiff has established irreparable harm. Defendant has downloaded and distributed plaintiff's works through the BitTorrent network. It is unknown whether defendant continues to distribute plaintiff's copyrighted motion pictures. Cf. Microsoft Corp. v. Big Boy Distribution LLC, 589 F.Supp.2d 1308, 1321 (S.D. Fla. 2008) ("Generally, a showing of

copyright infringement liability and threat of future violations is sufficient to warrant entry of a permanent injunction."). To the extent the scope of the damage is unknown and potentially ongoing, monetary relief is inadequate.

Defendant will not suffer a hardship if this permanent injunction is entered against him. Plaintiff's injunction seeks to stop defendant from continuing to download and distribute its works without plaintiff's permission. Since defendant never had permission or a right to do this, he suffers no hardship by entry of a permanent injunction. The injunction does not prohibit defendant from obtaining access to expressive works – it simply requires him to do so lawfully. On the other hand, plaintiff's hardship absent an injunction is significant. Specifically, plaintiff risks having more of its motion pictures distributed by defendant over the BitTorrent network wherein additional peers download and distribute the motion pictures to additional peers. See ME2 Prods., Inc. v. Pagaduan, No. CV 17-00130 SOM-KJM, 2017 WL 8786920, at *5 (D. Haw. Dec. 29, 2017), report and recommendation adopted as modified, No. CV 17-000130 SOM-KJM, 2018 WL 1069463 (D. Haw. Feb. 27, 2018) ("[W]ithout an injunction, Defendant will likely be the source for others to repeatedly download the Works.").

Finally, the public interest is served by a permanent injunction because plaintiff's statutory right to enforce its copyrights outweighs defendant's interest in unlawfully distributing the content for free. See e.g., Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 518 F. Supp. 2d 1197, 1222 (C.D. Cal. 2007) (citation omitted) ("The public interest in receiving copyrighted content for free is outweighed by the need to incentivize the creation of original works."); UMG Recordings, Inc. v. Blake, No. CV 5:06-00120-BR, 2007 WL 1853956, at *3 (E.D.N.C. June 26, 2007) ("[T]here is a substantial public interest in preserving a copyright holder's exclusive rights and no public interest will be disserved by enjoining Defendant from continuing this activity."). Considering the foregoing factors, a permanent injunction against defendant is appropriate and warranted.

**3. Costs**

Under the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party[.]" 17 U.S.C.A. § 505. The filing fee and service of process fee are

considered reasonable costs. Nat'l Photo Grp., LLC v. Pier Corp., No. SACV-13-1165-DOCJPRX, 2014 WL 12576641, at *5 (C.D. Cal. Mar. 10, 2014) (holding that $400 for the filing fee and $65 for service of process is a reasonable cost). Here, plaintiff seeks to recover for costs its filing fee in the amount of $402.00 and the cost of $461.96 for service of process. These costs are reasonable and should be awarded.

**4. Destruction Order**

Plaintiff's proposed order for the motion for default judgment includes an order requiring defendant to destroy all copies of plaintiff's works within defendant's possession or control that defendant has downloaded or transferred to any physical medium or device. (ECF No. 25-3 at 3.) Plaintiff's memorandum of points and authorities in support of its motion for entry of default judgment contains no discussion of the proposed destruction order and no argument concerning why such relief is appropriate. Given the lack of any cited authorities or argument in favor of that remedy, the undersigned does not include a recommendation to issue a destruction order at this time.

## IV. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that plaintiff shall forthwith serve a copy of this order and findings and recommendations on defendant by U.S. mail at defendant's last known address, and within seven days thereafter shall file a proof or certificate of such service;

In addition, IT IS RECOMMENDED:

1. Plaintiff's motion for default judgment (ECF No. 25) be GRANTED under the terms specified;
2. Judgment be entered in plaintiff's favor and against defendant;
3. Plaintiff be awarded $28,500.00 in statutory damages, as authorized under 17 U.S.C. § 504(c)(1), and $863.96 for costs, as authorized under 17 U.S.C. § 505, for a total of $29,363.96, to be executed forthwith;
4. Defendant be ordered to pay post-judgment interest under 28 U.S.C. § 1961 as of the date of the default judgment until the date of its satisfaction; and

5. Defendant be enjoined from directly, contributorily or indirectly infringing plaintiff's rights under federal or state law in the Works, including, without limitation, by using the internet, BitTorrent, or any other online media distribution system to reproduce (e.g., download) and/or distribute the Works, or to make the Works available for distribution to the public, except pursuant to a lawful license or with plaintiff's express authority.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within thirty (30) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: November 16, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Strike3.2146.mdj